IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CT-144-FL

| | |
|---|---|
| LACY WILLIAMS, JR., Plaintiff, | ) ) ) |
| v. | ) ORDER ) |
| MARVIN L. POLK, et al., Defendants. | ) ) ) |

On March 2, 2004, Plaintiff, a North Carolina State inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is now before the Court for a frivolity determination. 28 U.S.C. §1915(e)(2). Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous." § 1915(e)(2)(B)(ii). A claim is frivolous where it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The complaint alleges constitutional deprivations arising from his placement into the custody classification of "maximum control" known as "MCON." Specifically, he states that during a previous period of incarceration he was in maximum control on the date of his release. He believes this is the reason for his current classification status although he has been "infraction free" for 18 months. He names 8 individuals as Defendants in his complaint. From the alleged deprivation he seeks injunctive relief, compensatory, nominal, and punitive damages, as well as, all medical records and documents associated with his custody classification.

The Plaintiff has no right to a specific custody classification. Meachum v. Fano, 427 U.S. 215, 225 (1976); Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); See O'Bar v. Pinion, 953 F.2d 74, 84 (4th Cir. 1991). Therefore, the Plaintiff fails to set out an actionable claim from the allegations of placement into maximum security.

Because Plaintiff has not stated a claim with an arguable basis in law or fact, his action is frivolous. Therefore, this matter must be DISMISSED as FRIVOLOUS.

SO ORDERED, this the 16 day of April 2004.

LOUISE W. FLANAGAN
United States District Judge